## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HOORAY Limited Liability Company, Plaintiff | : : : : | 3:25-cv-466 |
| v. | : : : | |
| Kevlyn Creative, LLC<br>6665 S. Kenton St., Suite 201<br>Englewood, CO, 80111 | : : : : : | |
| and | : : : | Complaint |
| Kevlyn K. Zierk aka Kevlyn K. Walsh<br>18259 E Grand Ave<br>Aurora, CO 80015<br>Defendants. | : : : : : : | 2025-03-26 |

Now comes HOORAY Limited Liability Company ("Hooray"), by and through undersigned counsel, and complains of the Defendants Kevlyn Creative, LLC ("Kevlyn") and Kevlyn K. Zierk ("Zierk"), as follows. All allegations herein are made on information and/or belief.

## **Nature of the Case**

1. This is a case of trademark infringement by the Defendants on Hooray's common law trademark BAKE BAKE HOORAY (the "Mark").

2. Defendants have been infringing on the Mark since as early as July 2024, Defendants have repeatedly been warned to cease and desist infringing, and Defendants continue to infringe on the Mark.

## Standing, Jurisdiction, Venue

3. Hooray has standing as the senior user of the Mark for gourmet cookies and related goods.

4. The Court has Federal question jurisdiction under 28 U.S.C. § 1331 and the Lanham Act, 15 U.S.C. § 1125. The Court has supplemental jurisdiction of State law claims under 28 U.S.C. § 1367.

5. The Court has personal jurisdiction over Defendants under Connecticut's long arm statute, Conn.Gen.Stat. § 52-59b(a)(3)(B), because Defendants committed trademark infringement both outside and within Connecticut, causing injury to Hooray within Connecticut, and Defendants derive substantial revenue from interstate commerce and should reasonably have expected their trademark infringement to have consequences in Connecticut.

6. The Court is a proper venue for Defendants to answer this action, pursuant to 28 U.S.C. §§ 1391(b)(1) and (c)(2).

## Hooray

7. Hooray is a Connecticut limited liability company that has been in business since as early as 2021. Hooray's principal business is the sale of gourmet cookies under the trademark BAKE BAKE HOORAY.

8. Since September 1, 2021, Hooray has been selling gourmet cookies from a food trailer to residents of Connecticut and other States under the BAKE BAKE HOORAY mark (Exhibit A). Thus, Hooray has established common law rights in the Mark.

9. Since January 16, 2024, Hooray has been selling and shipping gourmet cookies nationally, via the website bakebakehooray.square.site, under the BAKE BAKE HOORAY mark (Exhibit B). Thus, Hooray has established common law rights in the Mark.

## Defendants

10. Kevlyn is a Colorado limited liability company founded by Zierk in 2018. Kevlyn has sold a variety of party favors and similar items since 2018.

11. Zierk is the principal member of Kevlyn and is responsible for all of Kevlyn's business activities. Kevlyn is a mere instrumentality for the transaction of Zierk's business affairs, and there is such unity of interest that Kevlyn has no separate personality from Zierk. Kevlyn and Zierk are alter egos.

12. Zierk became aware of the Mark after Hooray established bakebakehooray.square.site and started shipping gourmet cookies into Colorado in January 2024.

13. Kevlyn has been selling customized cookie stamps and cookie cutters through the website bakebakehooray.com, under the name BAKE BAKE HOORAY, since about July 2024 (Exhibit C).

## Defendants' Trademark Application

14. On August 1, 2024, Defendants filed U.S. Trademark Application 98678074 (the "Application", Exhibit D) for BAKE BAKE HOORAY as an identifier of Defendants as the source of "retail store services featuring food coloring, sprinkles, food glitter, silicone moulds, apparel, aprons, cookie cutters, cookie stamps, cookie cutters, rolling pins".

15. Defendants filed the Application through a trademark attorney, Nicole Schwartz of Sprout Law PLLC.

16. Before Defendants' trademark attorney filed the Application, she undertook a routine "clearance search" for senior uses of BAKE BAKE HOORAY.

17. Before Defendants' trademark attorney filed the Application, she informed Defendants of Hooray's senior use of the Mark, which she discovered through the clearance search.

18. When Defendants' trademark attorney filed the Application, Defendants knew that Hooray was a senior user of the Mark and that they likely were infringing on Hooray's rights in the Mark.

### **First Warning to Cease and Desist**

19. As discussed below, in about November 2024, Hooray became aware of Defendants' infringement on Hooray's rights in the Mark.

20. December 11, 2024, Hooray sent Defendants an e-mail requesting that they cease and desist their infringement. (Exhibit E.)

21. Defendants responded, refusing to cease or desist. (Exhibit E.)

### **Trademark Opposition and Second Warning to Cease and Desist**

22. On March 11, 2024, Hooray filed an Opposition to the Application. (Exhibit F.) On the same date, undersigned counsel informed Defendants' trademark attorney of the Opposition. (Exhibit G.)

23. On March 14, 2024, undersigned counsel sent Defendants' trademark attorney a second notice (Exhibit H) to cease and desist their infringement of Hooray's rights in the Mark.

24. As of this date, neither Defendants nor their trademark attorney have responded in any way to the second notice to cease and desist.

## Count 1: False Designation of Origin (Actual Consumer Confusion)

25. Hooray uses the Mark as a trademark in interstate commerce.

26. Customers have been complaining to Hooray about Kevlyn's errors in delivering custom cookie cutters, under the name BAKE BAKE HOORAY, since as early as November 2024. (See Exhibit I, Instagram screenshot dated January 17, 2025; Exhibit J, Screenshot of phone call complaint dated January 30, 2025; Exhibit K, screenshots of Facebook post and comment dated November 26, 2024.)

27. There is actual confusion between Hooray's cookies sold under the Mark and Kevlyn's cookie cutters sold under BAKE BAKE HOORAY.

28. Actual consumer confusion supports a finding that Defendants use BAKE BAKE HOORAY as a false designation of origin under 15 U.S.C. § 1125(a)(1)(A).

## Count 2: False Designation of Origin (Likelihood of Confusion)

29. The words BAKE BAKE HOORAY, used by Kevlyn to sell custom cookie cutters, are identical to Hooray's mark BAKE BAKE HOORAY, used to sell gourmet cookies.

30. Consumers are likely to associate cookie cutters with cookies.

31. Consumers are likely to think that cookie cutters sold under the mark BAKE BAKE HOORAY come from the same source as cookies sold under the mark BAKE BAKE HOORAY.

32. There is a likelihood of confusion between Hooray's cookies sold under BAKE BAKE HOORAY and Kevlyn's cookie cutters sold under BAKE BAKE HOORAY.

33. Kevlyn's use of BAKE BAKE HOORAY infringes on Hooray's common law rights as senior user of the Mark, serves as a false designation of the origin of Defendants' custom cookie cutters, and thereby violates 15 U.S.C. § 1125(a)(1)(A).

## Count 3: Cyberpiracy

34. Hooray has been using the Mark in interstate commerce since as early as September 1, 2021.

35. Hooray has been using the domain name bakebakehooray.square.site since as early as January 16, 2024.

36. Kevlyn registered the domain name bakebakehooray.com on July 5, 2024 (Exhibit L).

37. The domain name bakebakehooray.com, is identical or confusingly similar to the Mark, which was distinctive at the time of registration of the domain name.

38. Kevlyn knew of the Mark, knew that Hooray had rights in the Mark, and knew that Kevlyn had no prior use of or rights in the Mark, at the time that Kevlyn registered bakebakehooray.com.

39. The Mark comprises Hooray's legal name.

40. Kevlyn intended, by registration of bakebakehooray.com, to divert consumers from Hooray's cookie-selling website to Kevlyn's cookie-cutter-selling website.

41. Consumer complaints evidence that Kevlyn's diversion of consumers has actually harmed Hooray's goodwill.

42. Kevlyn had a bad faith intent to profit from its misappropriation of the Mark as a domain name.

43. Defendants' registration and continued use of bakebakehooray.com is cyberpiracy under 15 U.S.C. § 1125(d).

## Count 4: Unfair Competition (CUTPA)

44. By using the words BAKE BAKE HOORAY to sell custom cookie cutters, Kevlyn takes a free ride on the popularity and name recognition of Hooray's BAKE BAKE HOORAY cookies.

45. Kevlyn's free ride impairs the potential for Hooray to enter the market for custom cookie cutters, and thereby curtails Hooray's business opportunities.

46. Knowingly and willfully using the Mark to sell a product that curtails Hooray's business opportunities is unscrupulous, and substantially injures Hooray.

47. Defendants' use of BAKE BAKE HOORAY to sell custom cookie cutters, in Connecticut and throughout the United States, is an unfair trade practice under

the Connecticut Unfair Trade Practices Act (CUTPA), Conn.Gen.Stat. § 42-110a et seq.

## **Prayer for Relief**

WHEREFORE, Hooray prays that the Court award:

- the Defendants' profits;

- Hooray's damages;

- the costs of the case;

- transfer of bakebakehooray.com to Hooray;

- an injunction, under 15 U.S.C. § 1116(a), forbidding Defendants from using the Mark;

- reasonable attorney fees for an exceptional case, under 15 U.S.C. § 1117(a), based on Defendants' knowing and willful misuse of the Mark;

- punitive damages and attorney fees, under Conn.Gen.Stat. §§ 42-110g(a) and (d), based on Defendants' knowing and willful misuse of the Mark;

- such other relief as the Court may think proper.

Respectfully submitted,
s/Alan Harrison
Alan Harrison (ctd 29464)
alan@sandollar-law.net
203.212.9996
SANDOLLAR Law
6 West River Street #112
Milford, CT 06460