**IN THE UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| HOORAY Limited Liability Company, Plaintiff | : : : : | 3:25-cv-466-AWT |
| v. | : : | Hon. Alvin W. Thompson |
| Kevlyn Creative, LLC and Kevlyn K. Zierk, Defendants. | : : : : | Memorandum in Support of Prejudgment Remedy  2025-03-27 |

Under Rule 64 of the Federal Rules of Civil Procedure, a plaintiff may utilize the state prejudgment remedies available to secure a judgment that might ultimately be rendered in an action. *See Frontier Home Health and Hospice, LLC et al. v. EH Helath Home Health of the Northwest et al.*, 3:23-cv-01215-JCH, Docket 27, at 1 (D.Conn., May 8, 2024). Before a prejudgment remedy can be issued, the court must find probable cause both as to the merits of the cause of action and as to the amount of the requested attachment. *See Cendant Corp. v. Shelton*, 3:06-cv-00854-AWT, Docket 109, at 6 (D.Conn., Feb. 8, 2007). The plaintiff need not demonstrate the amount of damages with mathematical precision, but must produce evidence which provides a reasonable basis for measuring her loss. *Ibid.*

Connecticut's prejudgment remedy statutes, Conn.Gen.Stat. § 52-278a et seq., require that to secure a prejudgment remedy in a given amount against Defendants, Plaintiff Hooray must set forth a statement of facts sufficient to show that there is "probable cause" that a judgment in the given amount will be rendered for Hooray. *See* Conn.Gen.Stat. § 52-278c(a)(2). Where a prejudgment attachment is sought, the

Alan Harrison – SANDOLLAR Law – Milford, CT

defendant has a right to a hearing at which the court shall determine whether such probable cause exists. *See* Conn.Gen.Stat. § 52-278d.

Connecticut law allows a court to grant a motion for prejudgment remedy upon a showing by the movant that "there is probable cause to sustain the validity of the plaintiff's claim." Conn. Gen. Stat. § 52-278d(a). Connecticut courts commonly describe the legal notion of probable cause as "a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it." *Orsini v. Tarro*, 80 Conn.App. 268, 272 (2003) (quotations and citations omitted). Probable cause is properly understood to be "a flexible common sense standard" that is less demanding than standards which require findings to be made based on a preponderance of the evidence or even a likelihood of success. *See id.* A plaintiff need only establish "probable cause that a judgment will issue in an amount equal to, or greater than, the amount of the prejudgment remedy sought." *TES Franchising LLC v. Feldman*, 286 Conn. 132, 147 (2008).

"[A] hearing in probable cause is not intended to be a full scale trial on the merits of the [moving party's] claim. The [moving party] **does not** have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim ... The court's role in such a hearing is to determine probable success by weighing probabilities ... the legal idea of probable cause is a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary

caution, prudence and judgment under the circumstances, in **entertaining** it ... Probable Cause is a flexible common sense standard. It **does not** demand that a belief be correct or more likely true than false." *Spilke v. Spilke,* 116 Conn.App. 590, 593 n.6, 976 A.2d 69 (2009) (emphasis added). "Proof of probable cause as a condition of obtaining a prejudgment remedy is not as demanding as proof by a fair preponderance of the evidence." (Internal quotation marks omitted.) *Kosiorek v. Smigelski,* 112 Conn.App. 315, 319, 962 A.2d 880, cert. denied, 291 Conn. 903, 967 A.2d 113 (2009); see *36 DeForest Avenue, LLC v. Creadore,* 99 Conn.App. 690, 698, 915 A.2d 916, cert. denied, 282 Conn. 905, 920 A.2d 311 (2007) (stating that the burden of proof at a probable cause hearing is a low one).

Indeed, in other context the Connecticut Supreme Court has held that "[p]robable cause is the knowledge of facts, actual or **apparent**, strong enough to justify a reasonable man in the belief that he has lawful grounds for prosecuting the defendant in the manner complained of". *Falls Church Group, Ltd. v. Tyler, Cooper, and Alcorn, LLP*, 281 Conn. 84, 912 A.2d 1019, 1027 (Conn. 2007) (emphasis added).

Without recapitulating the entire verified Complaint, with which the Court is acquainted, Hooray respectfully submits that:

- Hooray has been using the trademark BAKE BAKE HOORAY for gourmet cookies in interstate commerce since September 2021;

- Defendants started using the trademark BAKE BAKE HOORAY for custom cookie cutters sometime between July to November 2024; and

- there is actual consumer confusion as to which of Hooray or Defendants is the source of gourmet cookies and custom cookie cutters.

Actual consumer confusion between two companies using identical trademarks for related goods is the ne plus ultra of reasons for the Court to find that Defendants (the junior user) have falsely designated the origin of their goods under the Lanham Act, 15 U.S.C. § 1125(a).

Defendants' false designation of origin is a compelling reason for the Court to award Hooray Defendants' attributable profits under the Lanham Act, 15 U.S. Code § 1117, as well as any damages sustained by Hooray.

As noted in Hooray's Second Notice to Cease and Desist (Docket 1-1, page 21), Hooray estimates — and now updates that estimate, based on information available at Defendants' website, as shown following — that Defendants have sold more than 5000 cookie stamps at prices ranging from $14 up to $28 per stamp, with a median price in excess of $20.



(https://bakebakehooray.com/, last accessed 2025-03-23).



(https://bakebakehooray.com/collections/all-cookie-stamps, last accessed 2025-03-23).

Further, based on UCC liens filed with the Colorado Secretary of State, Hooray estimates Defendants' capital expenses at less than $30,000. Thus, the simple math is that Defendants have brought in more than $100,000 sales with less than $30,000 capital expenses. Considering that Defendants are an LLC and its sole proprietor, and that material costs are low, it is reasonable to estimate at least $70,000 profit to Defendants Kevlyn Creative, LLC and Kevlyn K. Zierk. This is the amount that Hooray demands for its prejudgment remedy.

Respectfully submitted,
s/Alan Harrison
Alan Harrison (ctd 29464)
alan@sandollar-law.net
203.212.9996
SANDOLLAR Law
6 West River Street #112
Milford, CT 06460