## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HOORAY LLC | : | |
| | : | Civil Action No.: 3:25-cv-00466-AWT |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| KEVLYN CREATIVE, LLC and KEVLYN | : | |
| K. ZIERK | : | |
| | : | |
| Defendants. | : | May 15, 2025 |

### MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR PREJUDGMENT REMEDY

Defendants Kevlyn Creative, LLC ("Kevlyn") and Kevlyn K. Zierk ("Zierk") hereby submit this Memorandum of Law in Opposition to Plaintiff's Motion for Prejudgment Remedy dated March 27, 2025. (ECF No. 10.) Plaintiff's Motion should be denied in its entirety because Plaintiff has failed to: (1) comply with the prejudgment remedy statutes; (2) set forth facts sufficient to demonstrate that probable cause exists that a judgment will be rendered in Plaintiff's favor; and (3) set forth a record sufficient for the Court to make a fair and reasonable prediction as to likely damages. Further, since the Court has not set a deadline by which Defendants need respond to the Complaint, the Court has not had an opportunity to consider Defendants' valid defenses. Indeed, Defendants will soon be moving to dismiss the Complaint, on a variety of grounds, which will also keep Plaintiff from establishing probable cause that a judgment will enter in its favor. Based on any or all of the foregoing reasons, Plaintiff's Motion for Prejudgment Remedy cannot stand and should be denied.

Federal Rule of Civil Procedure 64(a) provides in relevant part that "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the

state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64(a). The procedure for obtaining a prejudgment remedy under Rule 64 is governed by state law. *See Crispin v. Roach*, No. 3:20-CV-1184 (KAD), 2020 WL 6263185, at *9 (D. Conn. 2020).

The standard for granting a prejudgment remedy ("PJR") is the familiar one of "probable cause." Conn. Gen. Stat. § 52-278c(2). While this standard is not particularly stringent, the PJR statute makes clear that a probable cause showing may not be based on conclusory allegations. The applicant must submit an affidavit containing a "statement of facts" to establish probable cause. *Id.* The Connecticut Supreme Court has stated that the remedies of the PJR statute "can be invoked only by a verified affidavit that contains factual, rather than merely conclusory, supporting allegations." *Glanz v. Testa*, 200 Conn. 406, 409 (1986) (construing § 52-278e, which contains the same "statement of facts" language as § 52-278c). Thus, where, as here, an applicant verifies a complaint that barely satisfies the notice pleading requirements of the Federal Rules, an insufficient factual basis exists for a finding of probable cause.

Plaintiff has not submitted any affidavit with its Motion, let alone an affidavit that sets forth facts sufficient to demonstrate that there is probable cause that a judgment will enter in its favor. Although Plaintiff verified the Complaint (ECF No. 1), the pleading wholly fails to set forth any facts that establish probable cause. Instead, Plaintiff's Motion for Prejudgment Remedy simply states, quite conclusory, that there is probable cause that a judgment will be rendered in its favor. Plaintiff has thus failed to comply with Connecticut General Statutes § 52-278c(a)(2). *Davila v. Secure Pharmacy Plus*, 329 F. Supp. 2d 311, 314 (D. Conn. 2004) (denying motion for

prejudgment remedy when Plaintiff's application failed to comply with the prejudgment remedy statutes).[1]

Further, the record is not sufficient for the Court to make a fair and reasonable prediction as to likely damages. "Although the amount of damages in an application for a prejudgment remedy need not be determined with mathematical precision ..., the record must be sufficient for the court to make a fair and reasonable prediction as to likely damages." *Baltas v. Bowers*, No. 3:23-CV-0764 (VAB), 2024 WL 1836095, at *1 (D. Conn. Apr. 26, 2024). The damages figure of $50,000 or $70,000—depending on which submission is considered—is seemingly pulled from thin air. The Application for Prejudgment Remedy seeks the sum of $50,000 (ECF No. 10, at 1), while the Memorandum of Law "demands" $70,000 (ECF No. 10-2, at 6). If Plaintiff is unable to make a fair and reasonable prediction as to likely damages, the Court will not be able to do so either. Even if the Court chooses one of Plaintiff's two inconsistent damages figures, no factual basis is given for either one. The $50,000 claim in the Application is conclusory, with no support given whatsoever. The $70,000 claim in the Memorandum of Law is based on Plaintiff's "estimate" of Defendants' sales, and then refers to certain documents that are not submitted with the Application, let alone shown to be evidence. Indeed, "simple math," with nothing else, is not appropriate grounds for a damages claim sufficient for the Court to make a fair and reasonable prediction as to likely damages.

The PJR statute also requires a court to take into account the nature of any defenses available to Defendants. Conn. Gen. Stat. § 52-578c. "[A] valid defense may defeat probable cause." *SS & C Techs., Inc. v. Providence Inv. Mgmt.*, 582 F. Supp. 2d 255, 258 (D. Conn. 2008)

---

[1] Moreover, "[w]hen a plaintiff provides no affidavit with an application for a prejudgment remedy, [] the plaintiff is not entitled to provide support for the initial application at a probable cause hearing." *State v. Sunrise Herbal Remedies, Inc.*, 296 Conn. 556, 570 (2010). As such, Plaintiff cannot save its PJR by submitting evidence at the prejudgment remedy hearing in support of a finding of probable cause.

(citing *Roberts v. Caton*, 224 Conn. 483, 487 n.4 (1993)). The Court has not set a deadline for Defendants to respond to the Complaint. (ECF No. 23.) As such, the Court has not had an opportunity to consider the strength of Defendants' defenses. Defendants intend to file a Motion to Dismiss the Plaintiff's Complaint before the Status Conference on the PJR, which is scheduled for May 28, 2024.

The defenses to be included in the Motion to Dismiss also provide grounds to deny the prejudgment remedy, and will be fully described in the Motion. But to summarize here, those defenses will include the following: (1) the Court does not have personal jurisdiction over either Defendant; (2) Plaintiff has not plausibly pleaded an alter ego theory sufficient to justify exercising personal jurisdiction over Zierk; (3) this Court is not the proper venue for the action; (4) Plaintiff has not plausibly pleaded false designation of origin; (5) Plaintiff has not plausibly pleaded a claim for cyberpiracy; and (6) Plaintiff has not plausibly pleaded a claim for violation of the Connecticut Unfair Trade Practices Act. Accordingly, Plaintiff simply has no viable claim against Defendants, and therefore cannot show probable cause exists that a judgment will eventually enter in its favor.

For these reasons, Defendants request that the Court deny the Plaintiff's Motion for Prejudgment Remedy.

Dated: May 15, 2025                          Respectfully submitted,
                                             DEFENDANTS
                                             KEVLYN CREATIVE, LLC and
                                             KEVLYN K. ZIERK

                                             /s/ *Gerard N. Saggese III*
                                             Gerard N. Saggese III
                                             Federal Bar No. ct26430
                                             Meghan F. Buckley
                                             Federal Bar No. ct31490
                                             Carmody Torrance Sandak & Hennessey LLP
                                             1055 Washington Blvd. 4th Floor
                                             Stamford, CT 09601-2218
                                             Tel.: (203) 425-4200
                                             Fax: (203) 325-8608
                                             gsaggese@carmodylaw.com
                                             mbuckley@carmodylaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 15, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ *Gerard N. Saggese III*
Gerard N. Saggese III