**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| HOORAY Limited Liability Company, | : | 3:25-cv-466-AWT |
| Plaintiff | : | Hon. Alvin W. Thompson |
| | : | |
| v. | : | Hooray's Reply to Kevlyn's Opposition to Prejudgment Remedy |
| | : | |
| Kevlyn Creative, LLC and Kevlyn K. Zierk, | : | |
| Defendants. | | 2025-05-19 |

  At Docket 25, Defendants opposed Hooray's application for a prejudgment remedy, asserting that Hooray did not submit an affidavit in support of the application and did not set forth sufficient facts to demonstrate probable cause. Defendants' opposition presents a Connecticut Supreme Court case for an inapposite proposition that is tangential to what that case actually held, confuses the applicable law regarding the acceptance of verified complaints as affidavits, ignores the brief but pointed factual testimony in Hooray's verified complaint, and demands the Court make an adverse ruling based on "defenses" that have not been substantively argued let alone supported by evidence.

  Regarding an affidavit to support Hooray's application for prejudgment remedy, it is well-accepted both in this Court and in the State of Connecticut that a verified complaint may serve the purpose of an affidavit when seeking relief such as a prejudgment remedy, a temporary restraining order, or a summary judgment. *See, e.g., Prescott v. Gilshteyn*, 227 Conn.App. 553, 322 A.3d 1060 (2024), *affirming* trial court's

grant of pjr on a verified complaint (no affidavit); Fed.R.Civ.P. 65 ("The court may issue a temporary restraining order … [based on] specific facts in an affidavit **or a verified complaint**") (emphasis added); *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995) ("A verified complaint is to be treated as an affidavit for summary judgment purposes …"); *Hall v. Pillai*, 3:15-cv-1603(**AWT**), Docket 43 fn 2 (D.Conn. Apr. 10, 2018) ("As the complaint is sworn under penalty of perjury, the court considers it as an affidavit …"). Hooray submitted its application for prejudgment remedy on a verified complaint. It is curious that Defendants' experienced attorneys would represent to **this** Court that a verified complaint cannot serve the purpose of an affidavit.

Defendants asserted at page 1 of Docket 25, as if it should be dispositive, that Hooray initially "has failed to … set forth facts sufficient to demonstrate that probable cause exists[.]" At page 2 of Docket 25, Defendants cited *Glanz v. Testa*, 200 Conn. 406 (1986), which held "We agree with the Appellate Court that a plaintiff may present evidence at a hearing on a motion to dissolve an ex parte prejudgment attachment in order to support an insufficient initial affidavit." *Glanz v. Testa*, at 408.

Notwithstanding Defendants' conclusory statement that Hooray's complaint "wholly fails to set forth any facts that establish probable cause" (Docket 25, page 2), the verified Complaint (Docket 1) establishes the following:

• Hooray has traded under the mark BAKE BAKE HOORAY since 2021. Compl. ¶¶ 7–9.

• Defendants started trading under the **same** mark in 2024. Compl. ¶ 13.

• Defendants filed an application to register BAKE BAKE HOORAY as **their** trademark

in 2024. Compl. ¶ 14.

• Hooray repeatedly warned Defendants to stop infringing on Hooray's mark BAKE BAKE HOORAY. Compl. ¶¶ 20, 23, Exhs. E and H.

The above verified facts establish probable cause at least for claims of false designation of origin under the Lanham Act. Defendants have not presented contrary evidence.

Hooray's memorandum in support of the application for prejudgment remedy further establishes, by evidence of which the Court may take judicial notice, that Defendants' website advertises selling more than 5,000 cookie stamps at prices ranging from $14–$28 per stamp. Docket 10.2 at pages 5–6. This evidence establishes probable cause for damages (Defendants' profits, under the Lanham Act) of at least $70,000; however, Hooray will be grateful for a prejudgment remedy of $50,000 or more.

To conclude their opposition, Defendants assert six affirmative defenses to probable cause — without any evidence or even argument to support those assertions. They seem to think that this Court will, on their mere say-so, shortcut the PJR process and deny Hooray's application without holding a routine evidentiary hearing to investigate probable cause.

Accordingly, Hooray respectfully requests that the Court disregard Defendants' opposition to the application for prejudgment remedy and continue with the regular order of scheduling an evidentiary hearing to assess probable cause.

Respectfully submitted,
s/Alan Harrison
Alan Harrison (ctd 29464)
alan@sandollar-law.net
203.212.9996
SANDOLLAR Law
6 West River Street #112
Milford, CT 06460