UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HOORAY LLC | : | |
| | : | Civil Action No.: 3:25-cv-00466-AWT |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| KEVLYN CREATIVE, LLC and KEVLYN K. ZIERK | : : | |
| | : | |
| Defendants. | : | May 19, 2025 |

## JOINT RULE 26(f) REPORT

**Date Complaint Filed**: 2025-03-21
**Date Complaint Served**: 2025-04-07
**Date of Defendants' Appearance**: 2025-04-24

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on May 9, 2025. The participants were:

Alan Harrison for plaintiff Hooray Limited Liability Company ("Hooray"); and

Meghan F. Buckley for defendants Kevlyn Creative, LLC ("Kevlyn Creative") and

Kevlyn K. Zierk ("Zierk").

### I.     Certification

Undersigned counsel (after consultation with their clients) and any undersigned self-represented parties certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

II.     **Jurisdiction**

   A. **Subject Matter Jurisdiction**

Plaintiff asserts that this Court has Federal question jurisdiction under 28 U.S.C. § 1331 and the Lanham Act, 15 U.S.C. § 1125and has supplemental jurisdiction of State law claims under 28 U.S.C. § 1367.

Subject to the next sentence, Defendants do not presently contest this Court's subject matter jurisdiction over the claims as presently pled in the Complaint (ECF No. 1). However, respectfully, Defendants expressly reserve their right to raise whether prejudgment remedies or injunctive orders issued by this Court, if any, can apply to the activities of those Defendants who are citizens of Colorado.

   B. **Personal Jurisdiction**

Defendants contest personal jurisdiction in this matter and intend to file a Motion to Dismiss prior to the Court's Status Conference on the Plaintiff's Motion for Prejudgment Remedy. The parties' respective positions are summarized below on other issues without prejudice to any arguments raised or addressed in their respective memoranda of law in support or opposition to Defendants' forthcoming motion to dismiss:

**Plaintiff's Position:**

The Court has personal jurisdiction over Defendants under Connecticut's long arm statute, Conn.Gen.Stat. § 52-59b(a)(3)(B), because Defendants committed trademark infringement both outside and within Connecticut, causing injury to Hooray within Connecticut, and Defendants derive substantial revenue from interstate commerce and should reasonably have expected their trademark infringement to have consequences in Connecticut. The Court is a

proper venue for Defendants to answer this action, pursuant to 28 U.S.C. §§ 1391(b)(1) and (c)(2).

**Defendants' Position:**

The Complaint fails to demonstrate a *prima facie* showing of personal jurisdiction over any of the Defendants. The Defendants are presently residents of Colorado. They have not had any contacts with Connecticut that would satisfy either the long-arm statute, *see* Conn. Gen. Stat. § 52-59b, or the minimum contacts test required by the Due Process Clause of the Constitution. Moreover, the Complaint fails to plausibly allege that Zierk is an alter ego of Kevlyn Creative. Therefore, exercising personal jurisdiction over Zierk would not be equitable.

In the absence of constitutionally sufficient contacts with the forum state, this Court lacks personal jurisdiction over all of the Defendants, each of which is a non-resident.

### III. Brief Description of Case

#### A. Claims of Plaintiff/s:

Plaintiff claims, based on Defendant's use of Plaintiff's Mark (BAKE BAKE HOORAY): false designation of origin (based on actual confusion and on likelihood of confusion) and cyberpiracy under the Lanham Act. Plaintiff also claims unfair trade practice under Connecticut State law.

Plaintiff seeks the Defendants' profits; Plaintiff's damages; the costs of the case; transfer of bakebakehooray.com to Plaintiff; an injunction, under 15 U.S.C. § 1116(a), forbidding Defendants from using the Mark; reasonable attorney fees for an exceptional case, under 15 U.S.C. § 1117(a), based on Defendants' knowing and willful misuse of the Mark; punitive

damages and attorney fees, under Conn.Gen.Stat. §§ 42-110g(a) and (d), based on Defendants' knowing and willful misuse of the Mark; such other relief as the Court may think proper.

### B. Defenses and Claims of Defendant/s:

Defendants deny all allegations of wrongful conduct. More specifically, but without limitation, Defendants deny that they have infringed and continue to infringe Hooray's alleged BAKE BAKE HOORAY mark; deny that there is actual confusion between Hooray's cookies sold under the alleged BAKE BAKE HOORAY mark; denies that they have harmed Hooray's good will; deny that they have a bad faith intent; and assert that Plaintiff has not suffered any damages.

### IV. Statement of Undisputed Facts

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The following material facts are undisputed:

1. Hooray is a Connecticut limited liability company. Hooray's principal business is the sale of gourmet cookies.

2. Kevlyn is a Colorado limited liability company founded in 2018.

3. On August 1, 2024, Defendants filed U.S. Trademark Application No. 98678074 (the "Application," Exhibit D) for BAKE BAKE HOORAY as an identifier of "retail store services featuring food coloring, sprinkles, food glitter, silicone moulds, apparel, aprons, cookie cutters, cookie stamps, cookie cutters, rolling pins."

4. On March 11, 2024, Hooray filed an Opposition to the Application.

### V. Case Management Plan:

### A. Initial Disclosures

{N6069385}                                    4

Initial disclosures will be served by June 27, 2025.

### B. Scheduling Conference

1. The parties request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

2. The parties prefer that a scheduling conference, if held, be conducted by telephone.

### C. Early Settlement Conference

1. The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2. The parties request an early settlement conference.

3. The parties prefer a settlement conference, when such a conference is held, with a magistrate judge.

4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

### D. Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings

The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

1. Plaintiff(s) should be allowed until June 30, 2025 to file motions to join additional parties and until June 30, 2025 to file motions to amend the pleadings. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules; a showing of good cause for the delay.

2. Defendant(s) should be allowed until July 30, 2025 to file motions to join additional parties and until July 30, 2025 to file a response to any amended complaint. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause' for the delay.

### E. Discovery

a. Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case" :

**Plaintiff's Position**: Key issues in this case include Defendants' knowledge of Plaintiff's senior trademark use, Defendants' motivation for adopting Plaintiff's trademark, and Defendants' profits from their use of Plaintiff's trademark.

**Defendants' Position (if different)**: While Defendants recognize that the filing of a motion to dismiss shall not result in a stay of discovery (Civil Standing Orders, ¶ 2(b)), Defendants believe that discovery should be stayed until the serious personal jurisdiction issues raised by Defendants as set forth in their motion have been adjudicated and a determination has been made.

b. The parties anticipate that discovery will be needed on the following subjects:

**Plaintiff's Position**:

• Kevlyn's formation, organization, structure, operations, management and/or ownership.

• Kevlyn's gross revenue and expenses related to custom cookie cutters.

• Kevlyn's knowledge of Hooray's use of BAKE BAKE HOORAY.

• All communications by or to Kevlyn regarding BAKE BAKE HOORAY.

**Defendants' Position:**

• Formation, organization, structure, operations, management and/or ownership of Hooray;

• Conception, reduction to practice, development, and design of the alleged BAKE BAKE HOORAY mark;

• All materials, including documents and things, relating to Plaintiff's alleged BAKE BAKE HOORAY mark and use of same;

• The harm Plaintiff alleges as set forth in the Complaint (ECF No. 1) and Motion for Prejudgment Remedy (ECF No. 10),including but not limited to Plaintiff's damages and the nature thereof whether existing or anticipated by Plaintiff; and

• All details of communications between or among Hooray relative to the alleged BAKE BAKE HOORAY mark.

    c. The parties' position as to when all discovery will be commenced and when all discovery will end are summarized below:

All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced in accordance with and within thirty days of the Court's ruling on Defendants' Motion to Dismiss and shall be completed within the nine (9) month period immediately following.

    d. Discovery will not be conducted in phases.

    e. N/A.

      f. The parties anticipate that the plaintiff(s) will require a total of 3 depositions of fact witnesses and that the defendant(s) will require a total of 5 depositions of fact witnesses. Deposition discovery should not commence until 30 days after the Court's ruling on Defendants' Motion to Dismiss and should be completed within the nine (9) month period immediately following.

      g. The parties will not request permission to serve more than 25 interrogatories.

      h. Plaintiff intends to call expert witnesses at trial. Defendants intend to call expert witnesses at trial.

      i. The parties' positions with respect to designating and deposing trial experts on issues where they bear the burden of proof are summarized below:

      Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof no later than six (6) months after an adverse ruling of the Court on Defendants' Motion to Dismiss. Depositions of any such experts will be completed no later than nine (9) months after an adverse ruling of the Court on Defendants' Motion to Dismiss.

      j. The parties' positions with respect to designating and deposing trial experts on issues where they do not bear the burden of proof are summarized below:

      Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they do not bear the burden of proof by no later than seven (7) months after an adverse ruling by the Court on Defendants' Motion to Dismiss. Depositions of such experts will be completed no later than nine (9) months after an adverse ruling of the Court on Defendants' Motion to Dismiss.

k. The parties' positions with respect to a damages analysis to be provided by any party who has a claim for damages are summarized below:

**Plaintiff's Position:**

A damages analysis will be provided by any party who has a claim or counterclaim for damages by the close of discovery.

**Defendants' Position:**

Plaintiff should have to provide an initial damages claim and computation at or near the commencement of discovery. Plaintiff may supplement its analysis within thirty days before the close of discovery. But Defendants should not be blindsided by Plaintiff's claims, nor should Defendants risk having to retake depositions on matters related to damages because Plaintiff made its disclosures late in discovery. Defendants should be fairly apprised of Plaintiff's damages claims and computations and the basis for those claims and computations so that Defendants may reasonably prepare for and conduct discovery regarding such claims.

l. Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) and self-represented parties have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of

assembling and producing such information. The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information:

- Parties will not delete any ESI. Parties will archive and will produce, in PDF format, all ESI that is responsive to propounded discovery, subject to the parties' objections.

- E-mails will be printed to PDF in a manner that preserves all e-mail headers. To the extent possible, e-mails also will be archived and produced as separate MSG or EML files (**not** forwarded).

m. Undersigned counsel (after consultation with their clients) and self-represented parties have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms. The parties agree to the following procedures for the preservation, disclosure and management of such information:

- Parties will scan to PDF, and produce in that format, all relevant non-electronic information that can be scanned at reasonable cost, subject to the parties' objections. Parties will digitally photograph from all sides any objects that are relevant to the dispute, and will produce all photographs of such objects.

n. Undersigned counsel and self-represented parties have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production:

- Attorneys will wait five calendar days after receipt of production before disclosing produced materials to the parties. During that time, attorneys may

designate mistakenly-produced materials as work-product or attorney-client communications. If there is any dispute as to prior waiver, attorneys will involve the Court. Any claim that the attorney-client privilege, work product immunity doctrine, or any other privilege is applicable to any document sought by these Document Requests shall be governed by Local Civil Rule 26(e) of the United States District Court for the District of Connecticut.

F.  **Other Scheduling Issues**
    N/A.

G.  **Summary Judgment Motions:**

Summary judgment motions, which must comply with Local Rule 56, will be filed on or before thirty (30) days following the completion of discovery.

H.  **Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed the later of thirty (30) days following the completion of discovery, if no dispositive motions are filed, or sixty (60) days after this Court decides any dispositive motion that is then pending.

VI.   **TRIAL READINESS**

**Plaintiff's Position:**

The case will be ready for trial by 2026-03-15.

**Defendants' Position:**

The case will be ready for trial by the later of thirty (30) days following the completion of discovery if no dispositive motions are filed, or 60 days after this Court decides any dispositive motion that is then pending.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

        PLAINTIFF HOORAY LLC

        /s/Alan Harrison
        Alan Harrison (ctd 29464)
        alan@sandollar-law.net
        203.212.9996
        SANDOLLAR Law
        6 West River Street #112
        Milford, CT 06460

        DEFENDANTS
        KEVLYN CREATIVE, LLC and
        KEVLYN K. ZIERK

        /s/ *Meghan F. Buckley*
        Gerard N. Saggese III
        Federal Bar No. ct26430
        Meghan F. Buckley
        Federal Bar No. ct31490
        Carmody Torrance Sandak & Hennessey LLP
        1055 Washington Blvd.
        4th Floor
        Stamford, CT 09601-2218
        Tel.: (203) 425-4200
        Fax: (203) 325-8608
        gsaggese@carmodylaw.com
        mbuckley@carmodylaw.com