# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HOORAY LLC | : | |
| | : | Civil Action No.: 3:25-cv-00466-AWT |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| KEVLYN CREATIVE, LLC and KEVLYN K. ZIERK | : | |
| | : | |
| | : | |
| Defendants. | : | June 5, 2025 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO STAY DISCOVERY

### PRELIMINARY STATEMENT

Kevlyn Creative, LLC ("Kevlyn") and Kevlyn K. Zierk ("Zierk") (collectively, "Defendants") respectfully submit this Memorandum of Law in support of their Motion to Stay Discovery pursuant to Federal Rule of Civil Procedure 26(c). The Court should stay all discovery in this case pending resolution of Defendants' Motion to Dismiss, which will be fully briefed by June 16, 2025. It would be inappropriate to proceed with discovery because the Motion to Dismiss demonstrates that this Court lacks personal jurisdiction and, therefore, lacks judicial power to proceed with this litigation against the Defendants. It would be unnecessarily wasteful and unduly burdensome to proceed with discovery because that motion is likely to moot any discovery by fully resolving and disposing of this action. If the Court does not have personal jurisdiction to hear Plaintiff's claims against these defendants it likewise does not have jurisdiction for discovery related to those claims. As such, the Court should stay discovery until the Motion to Dismiss is decided.

## STATEMENT OF FACTS

On March 21, 2025, Plaintiff filed a Complaint against Defendants in the United States District Court of Connecticut. (ECF No. 1.) The Complaint states that "[t]he Court has personal jurisdiction over Defendants under Connecticut's long arm statute, Conn.Gen.Stat. § 52-59b(a)(3)(B), because Defendants committed trademark infringement both outside and within Connecticut, causing injury to Hooray within Connecticut, and Defendants derive substantial revenue from interstate commerce and should reasonably have expected their trademark infringement to have consequences in Connecticut." (ECF No. 1, at ¶ 5.)

On May 28, 2025, Defendants filed a Motion to Dismiss Plaintiff's Complaint, contending that (1) the Court does not have personal jurisdiction over either Defendant; (2) Plaintiff has not plausibly pleaded an alter ego theory sufficient to justify exercising personal jurisdiction over Zierk; (3) this Court is not the proper venue for the action; (4) Plaintiff has not plausibly pleaded false designation of origin; (5) Plaintiff has not plausibly pleaded a claim for cyberpiracy; and (6) Plaintiff has not plausibly pleaded a claim for violation of the Connecticut Unfair Trade Practices Act. (ECF No. 32.) Plaintiff filed a response in opposition on June 2, 2025. (ECF No. 35.) Defendants intend to reply by June 16, 2025. Thus, the dispositive motion is currently pending. Moreover, the Court recently ordered the parties to participate in a settlement conference. (ECF No. 31.)

## STANDARD OF REVIEW

While the mere filing of a motion to dismiss does not result in an automatic stay of discovery, a stay is appropriate where the motion presents substantial grounds for dismissal. *See* Local R. of Civ. P., Standing Order on Scheduling in Civil Cases 2(c); *United States ex rel. Ameti v. Sikorsky Aircraft Corp.*, No. 3:14-cv-1223(VLB), 2016 WL 10490528, at *2 (D. Conn.

Nov. 28, 2016) (finding stay appropriate where motion to dismiss "appears to have substantial grounds, or stated another way, does not appear to be without foundation in law"). A stay of discovery is particularly appropriate where a dispositive motion "would remove the litigation to another forum," such as where the motion to dismiss is based upon personal jurisdiction grounds. *See Commc'ns Gateway Co. v. Gartner, Inc.*, No. 3:20-CV-00700 (VAB), 2021 WL 1222198, at *5 (D. Conn. Mar. 31, 2021) (citing *Transunion Corp. v. PepsiCo, Inc.*, 811 F.2d 127, 130 (2d Cir. 1987)) (evaluating stay pending *forum non conveniens* motion).

When a pending motion to dismiss presents substantial grounds for dismissal, courts will stay discovery "to avoid potentially expensive and wasteful discovery during the pendency of a determination which could potentially reshape pending claims." *Ameti*, 2016 WL 10490528, at *1–2; *Granite Commc'ns, Inc. v. One Commc'ns Corp.*, No. 3:07-cv-1354 (PCD), 2008 WL 11381494, at *1 (D. Conn. Apr. 24, 2008) (granting stay of discovery where discovery responses would "presumably be expensive and burdensome" and such expense "seem[ed] particularly wasteful" where defendant's motion to dismiss raised "the real question as to whether Plaintiff has standing to pursue any of its claims" and "there is a likelihood that Defendant's motion to dismiss will be successful"). In evaluating whether a stay is appropriate, courts will consider: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Ameti*, 2016 WL 10490528, at *1–2. The factor that weighs "most heavily in favor of a stay is the strength of defendant's motion [to dismiss]." *Id*.

## ARGUMENT

I. **GOOD CAUSE EXISTS TO STAY DISCOVERY BECAUSE DEFENDANTS HAVE MADE A STRONG SHOWING THAT PLAINTIFF'S COMPLAINT MUST BE DISMISSED.**

Defendants have made a strong showing in their Motion to Dismiss that there are substantial grounds for dismissal, thus warranting a stay of discovery. *See Ameti*, 2016 WL 10490528, at *2. This is not a run-of-the-mill motion to dismiss, focusing merely on pleading defects. Rather, Defendants' motion raises a significant and well-founded argument demonstrating this Court's lack of personal jurisdiction, which would deprive the Court of the judicial power to adjudicate this dispute. *See Granite Commc'ns, Inc.*, 2008 WL 11381494, at *1; *see also Niv v. Hilton Hotels Corp.*, No. 06 Civ. 7839(PKL), 2007 WL 510113, at *2 (S.D.N.Y. Feb. 15, 2007) (where case would be brought in another jurisdiction if motion to dismiss was granted, court explained that "responding to the discovery requests will likely prove burdensome, and if the motion is granted, this burden will likely have served little purpose"). Where, as here, a court's jurisdiction is at issue, courts are particularly hesitant to proceed with discovery. *See, e.g., Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998) (affirming dismissal for lack of jurisdiction before discovery because plaintiffs' allegations "lack[ed] the factual specificity necessary to confer jurisdiction" and asserted merely "conclusory statements—without any supporting facts," and explaining that the court was "not bound to accept as true a legal conclusion couched as a factual allegation"). To proceed with discovery at this juncture—when this Court lacks jurisdiction over those against whom Plaintiff seeks adjudication of its claim—would be expensive, wasteful, and unnecessary. Moreover, deciding Defendant's Motion to Dismiss first will allow this Court to determine whether it has that jurisdiction and thus makes any discovery as against these defendants appropriate.

## II.    DISCOVERY IS LIKELY TO BE OVERBROAD AND UNDULY BURDENSOME AND EXPENSIVE.

Where, as here, there are "substantial argument[s] for dismissal" and "disposition of the dismissal motion may significantly narrow, if not eliminate, the issues remaining in the case,

proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on defendants." *See Rivera v. Heyman*, No. 96 Civ. 4489 (PKL), 1997 WL 86394, *1 (S.D.N.Y. Feb. 27, 1997); *see also Cuartero v. United States*, No. 3:05CV1161 (RNC), 2006 WL 3190521, at *3 (D. Conn. Nov. 1, 2006) ("Permitting discovery to proceed at this point would be unduly burdensome to the defendant and would be inefficient for both parties, since the court's decision on the Motion to Dismiss may significantly narrow the issues."); *CT Espresso LLC v. Lavazza Premium Coffees Corp.*, No. 22-CV-377 (VSB), 2022 WL 1639485, at *2 (S.D.N.Y. May 24, 2022) ("it is useful to consider whether the nature of . . . discovery will be fundamentally different from the discovery that Plaintiff would take if a pending motion to dismiss is granted.") (omission in original). If granted, Defendants' Motion to Dismiss will not just "significantly narrow the issues"; it will eliminate them. *See Cuartero*, 2006 WL 3190521, at *3. The motion goes to the heart of this Court's authority to adjudicate Plaintiff's claim against these defendants—the resolution of which may dispose of this action entirely. Proceeding with fact discovery where the issues in this case may be fully eliminated by Defendants' motion would thus "waste the parties' resources and would constitute an undue burden on defendants." *See Rivera*, 1997 WL 86394, at *1.

**III.    STAYING DISCOVERY WILL NOT UNFAIRLY PREJUDICE PLAINTIFF.**

A stay is appropriate when it would not unfairly prejudice a party. *Cuartero*, 2006 WL 3190521, at *3. A stay is unlikely to pose any prejudice where a case is in its infancy and discovery has not yet begun. *See Separ v. County of Nassau*, No. 21-CV-00010 (DRH) (JMW), 2021 WL 2474263, at *4 (E.D.N.Y. June 17, 2021) ("[A] stay would pose little-to-no risk of prejudice to the Plaintiff here, given that discovery has not begun."); *Giminez v. L. Offs. of Hoffman & Hoffman*, Nos. CV 12-0669 (JFB) (ETB), CV 12-2844 (JFB) (ETB), 2012 WL

2861014, at *2 (E.D.N.Y. July 11, 2012) ("[B]oth of the within actions are in their infancy. No discovery has taken place in either action yet. As such, there is little prejudice to plaintiffs in staying discove[r]y."). Here, the case is in its infancy and discovery has yet to begin. Accordingly, staying discovery until the Motion to Dismiss is decided will not unfairly prejudice Plaintiff. Moreover, the Court has ordered the parties to participate in a settlement conference, which likewise could address all issues without the need, burden and expense of discovery. (ECF No. 31.)

The stay requested here is finite, until resolution of the Motion to Dismiss, and would not affect any time sensitive matters, of which there are none herein. "[A] temporary and finite delay in attaining discovery, when there are no time-sensitive claims at issue" does not amount to prejudice. *In re AOL Time Warner, Inc. Secs. & ERISA Litig.*, No. MDL NO. 1500, 02 Civ. 8853 (SWK), 2003 WL 22227945, at *2 (S.D.N.Y. Sept. 26, 2003).

## <u>CONCLUSION</u>

For the foregoing reasons, this Court should stay discovery until it conducts its settlement conference and rules on Defendants' pending Motion to Dismiss.

Respectfully submitted,
DEFENDANTS
KEVLYN CREATIVE, LLC and
KEVLYN K. ZIERK

/s/ *Gerard N. Saggese III*
Gerard N. Saggese III
Federal Bar No. ct26430
Meghan F. Buckley
Federal Bar No. ct31490
Carmody Torrance Sandak & Hennessey LLP
1055 Washington Blvd.
4th Floor
Stamford, CT 09601-2218
Tel.: (203) 425-4200
Fax: (203) 325-8608
gsaggese@carmodylaw.com
mbuckley@carmodylaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ *Gerard N. Saggese III*
Gerard N. Saggese III
