UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HOORAY LLC : | |
| : | Civil Action No.: 3:25-cv-00466-AWT |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| KEVLYN CREATIVE, LLC and KEVLYN : | |
| K. ZIERK : | |
| : | |
| Defendants. : | June 16, 2025 |

**<u>DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS</u>**

Pursuant to Local Rule 7(d), Defendants Kevlyn Creative, LLC ("Kevlyn") and Kevlyn K. Zierk ("Zierk") (collectively "Defendants") respectfully submit this Reply Brief in support of their Motion to Dismiss filed May 28, 2025 (ECF No. 32) and in response to Plaintiff Hooray LLC's ("Hooray") Memorandum of Law in Opposition to Defendants' Motion to Dismiss, dated June 2, 2025 (the "Opposition") (ECF No. 35). In the Opposition, Hooray feebly responded to Defendants' grounds for dismissal and improperly attempts to shift the pleading burden to Defendants, quickly falls back to a bald request for jurisdictional discovery, and regurgitates conclusory allegations from the Complaint. Rather than saving the Complaint, such a response confirms that the Court should grant Defendants' Motion to Dismiss.

**I.      <u>This Court Does Not Have Personal Jurisdiction Over Either Defendant</u>**

Preliminarily, if a challenge to the Court's personal jurisdiction is raised by a defendant, either by a foreign corporation or nonresident individual, the <u>plaintiff</u> bears the burden of proving the Court's jurisdiction. *Nastro v. D'Onofrio*, 263 F. Supp. 2d 446, 451 (D. Conn. 2003); *Ryan v. Cerullo*, 282 Conn. 109, 118 (2007). Here, Hooray improperly seeks to shift that burden to Defendants, claiming that Defendants have "fail[ed] to convincingly oppose the imposition of

personal jurisdiction." (ECF No. 35, at 14.) It is Hooray, and **not** Defendants, that must demonstrate that (1) Defendants derive substantial revenue from interstate commerce; and (2) that Defendants expected or reasonably expected their actions to have consequences in Connecticut. As discussed in the initial moving papers and again below, Hooray has done neither, and the Complaint should therefore be dismissed.

### A. *Plaintiff Has Not Made a Prima Facie Showing Of Personal Jurisdiction Over Kevlyn*

Hooray has failed to demonstrate that Kevlyn derives substantial revenue from interstate commerce sufficient to justify this Court's exercise of personal jurisdiction. Hooray argues that the question is not whether Kevlyn derives substantial revenue from Connecticut commerce, but rather interstate commerce. (ECF No. 35, at 14). However, Connecticut appellate authority has held that "'substantial revenue' means enough revenue to indicate a commercial impact in the forum, such that a defendant fairly could have expected to be haled into court there." *Ryan*, 282 Conn. at125. The amount of revenue that Kevlyn derives from Connecticut commerce indicates that it does not have a commercial impact in the forum sufficient to justify being haled into court there. *Id.* Moreover, Defendants chose to highlight that figure to demonstrate the limits of Kevlyn's connections to Connecticut.

Even if Hooray could demonstrate that Kevlyn derived substantial revenue from interstate commerce, Hooray has not demonstrated that Kevlyn expected or reasonably expected its actions to have consequences in Connecticut. In fact, the evidence demonstrates the opposite. (Declaration of Kevlyn Zierk, at ¶¶ 47–58, attached as Exhibit 1 to Defendants' Motion to Dismiss). Kevlyn does not regularly solicit business in Connecticut, and it does not derive substantial revenue from business endeavors in Connecticut. (*Id.* at ¶¶ 52-53). Kevlyn does not directly advertise its business endeavors in Connecticut media outlets. (*Id.* at ¶ 54). Kevlyn does

not rent or maintain office space in Connecticut. (*Id.* at ¶ 55). Kevlyn does not maintain a local telephone or mailing address in Connecticut. (*Id.* at ¶¶ 56-57). Kevlyn does not maintain an ownership interest in any bank or investment account located exclusively in Connecticut. (*Id.* at ¶ 58). Taken together, the evidence demonstrates that Kevlyn did not expect or reasonably expect its actions to have consequences in Connecticut because it has virtually no connection to that state.

Finally, even if Hooray could satisfy the requirements of Connecticut's longarm statute, Kevlyn's conduct does not satisfy the "minimum contacts" requirement of the Due Process Clause. "The minimum contacts inquiry is a totality of the circumstances test." *This, LLC v. HolaBelle, Inc.*, No. 3:23-CV-1579 (SVN), 2024 WL 2957037, at *6 (D. Conn. June 12, 2024). Hooray's sole argument for sufficient minimum contacts is that Kevlyn's website is an "active" website. (*See* ECF No. 35, at 15–16.) Standing alone, this is not sufficient to support a finding of personal jurisdiction. Although an active website *may* support an exercise of personal jurisdiction, it does not always do so. *See LEGO A/S v. OYO Toys, Inc.*, No. 3:19-CV-01610 (VAB), 2020 WL 4043084, at *7 (D. Conn. July 17, 2020) (holding that sales from webstore to Connecticut consumers do not provide basis for personal jurisdiction). Here, the Court must consider all other facts set forth in the Declaration of Kevlyn Zierk in addition to that active website. With this view, it is clear that Kevlyn's lack of connections to Connecticut do not support a finding of sufficient minimum contacts to make it constitutionally permissible to hale it into court here. For these reasons, the Court should dismiss the Complaint against Kevlyn for lack of personal jurisdiction.

### B. *Hooray Has Not Made a Prima Facie Showing Of Personal Jurisdiction Over Zierk*

Hooray does not even attempt to argue that Zierk is subject to personal jurisdiction based on her individual contacts. Instead, Hooray relies on the argument that Zierk is subject to this Court's jurisdiction under an alter ego theory through Kevlyn. "[W]hen evaluating personal jurisdiction under an alter ego theory, Connecticut courts apply the law of the controlled entity's state of incorporation." *Cleer LLC v. Stranger*, No. 3:24-CV-01496 (MPS), 2025 WL 1446377, at *5 (D. Conn. Mar. 20, 2025) Kevlyn is a privately-held, Colorado limited liability company. (Zierk Dec., at ¶ 15.)

To the extent the Court decides to consider Colorado law, an alter ego theory can serve as the basis to pierce the corporate veil and assert personal jurisdiction. An alter ego relationship exists when an entity is a mere instrumentality for the transaction of an individual's own affairs. *Brightstar LLC v. Jordan*, 552 P.3d 1133, 1157 (Colo. App. 2024). "This element entails consideration of several factors, including whether (1) the entity is operated as a distinct business entity; (2) funds and assets are commingled; (3) adequate business records are maintained; (4) the nature and form of the entity's ownership and control facilitate misuse by an insider; (5) the entity is used as a "mere shell"; (6) the entity is thinly capitalized; (7) legal formalities are disregarded; and (8) the entity's funds or assets are used for non-business purposes." *Id.* These factors are very similar to those relied upon in Connecticut. The Court need not determine whether Connecticut or Colorado law is appropriate here because under both regimes, Hooray has made no legitimate showing that Zierk is an alter ego of Kevlyn.

Hooray's threadbare recitals of the legal standard for an alter ego relationship is insufficient to warrant piercing the corporate veil. Even if Hooray could make such a showing, and Kevlyn's contacts could be imputed to Zierk as its alter ego, jurisdiction is lacking for the

same reasons as noted above for Kevlyn. (*See supra* Point I.A.) The Court should therefore dismiss the Complaint against Zierk for lack of personal jurisdiction.

### C. Jurisdictional Discovery is Not Appropriate

Jurisdictional discovery is not appropriate where, as here, Hooray has not established a prima facie showing of personal jurisdiction. "Where [a plaintiff does] not establish a prima facie case that the district court has jurisdiction over the defendant, the district court does not err in denying jurisdictional discovery." *Minholz v. Lockheed Martin Corp.*, 227 F. Supp. 3d 249, 256 (N.D.N.Y. 2016) (internal citations omitted). "To make this prima facie showing, a plaintiff must demonstrate a statutory basis for personal jurisdiction over the defendant, and that the Court's exercise of jurisdiction over the defendant is in accordance with constitutional due process principles." *Id.* The plaintiff "must make allegations establishing jurisdiction with some 'factual specificity' and cannot establish jurisdiction through conclusory assertions alone." *Cont'l Indus. Grp., Inc. v. Equate Petrochemical Co.*, 586 F. App'x 768, 769 (2d Cir. 2014).

Hooray simply has not made this prima facie showing. Hooray has not demonstrated legitimate grounds for a statutory basis for personal jurisdiction or that the Court's exercise of jurisdiction is in accordance with constitutional due process principles. *See Minholz*, 227 F. Supp. 3d at 256. Instead, Plaintiff improperly attempts to establish jurisdiction solely through conclusory assertions, which are insufficient to establish a prima facie case of personal jurisdiction. *See Cont'l Indus. Grp., Inc.*, 586 F. App'x at 769. As such, jurisdictional discovery is not appropriate.

## II. Venue

A forum non conveniens analysis applies when deciding a motion to dismiss for improper venue, and a district court may dismiss a case if an alternative forum exists where the case may

be heard, and if trial in the present forum would be oppressive and vexatious to a defendant. *Daou v. Early Advantage, LLC*, 410 F. Supp. 2d 82, 89 (N.D.N.Y. 2006). Another forum is proper if (1) the defendants are subject to service of process there; and (2) the forum permits litigation of the subject matter of the dispute. *Id.* The Court, in its discretion, can consider a number of factors when deciding whether it is appropriate to transfer venue, including: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." *New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010). Here, a number of the factors, including convenience of witnesses, location of relevant documents, convenience of the parties, and locus of operative facts, do not weigh in favor of Connecticut as the proper venue, as much of the evidence will be located in Colorado. Consequently, the Court should dismiss the Complaint as it is the improper venue.

Further, venue is not proper because the requirements of the federal venue statute, 28 U.S.C. § 1391(b)(1) and (c)(2), are not met because Defendants are residents of Colorado and Defendants are not subject to this Court's personal jurisdiction. Dismissal of the Complaint is warranted against Kevlyn and Zierk pursuant to Fed. R. Civ. P. 12(b)(3).

### III. Hooray Has Not Plausibly Pleaded A Claim for False Designation of Origin

As a preliminary matter, Defendants did not "concede" that they falsely designated the origin of their custom cookie stamps. It is Hooray's burden to establish the elements of false designation of origin, which include that the origin of the product was falsely designated by Defendants. Defendants do not need to state whether or not they falsely designated the origin of

the product in their Motion to Dismiss. Defendants were silent on that particular issue because it was not needed as part of their argument, as other areas provided grounds for dismissal. Hooray's argument of a purported concession cannot be credibly considered simply based on silence. Indeed, Hooray cites no legal support for such an adverse inference.

Moreover, Hooray incorrectly contends that Defendants "merely argue against themselves that a mark they tried to register is not protectable." (ECF No. 35, at 17.) Defendants have maintained throughout this dispute that Kevlyn's mark is protectable and continue that here on the Motion to Dismiss. In reality, in that Motion, Defendants argued that there is no likelihood to cause confusion over Kevlyn's use of the mark, which is also supported by recent USPTO proceedings. On January 22, 2025, Hooray filed a trademark application for the mark BAKE BAKE HOORAY for cookies, pastries, beverages, and a food truck kiosk, in International Classes 30 and 43. (U.S. Serial No. 99014712.) On February 11, 2025, the Trademark Examining Attorney issued a Non-Final Office Action in Kevlyn's pending trademark application, indicating that it searched the USPTO database of registered and pending marks and "has found no conflicting marks that would bar registration." (U.S. Serial No. 98678074, Non-Final Office Action dated February 11, 2025.) The USPTO did not cite Hooray's pending trademark against Kevlyn's pending trademark because the goods are different enough and exist in different classes. (*See id.*) Even the USPTO has found no likelihood of confusion, further undercutting Hooray's claim here.

Finally, Hooray twice advances the same claim for false designation of origin. Hooray's reliance on the principle of pleading in the alternative is misplaced. Pleading in the alternative requires two distinct causes of action, not one cause of action with two different levels of proof. A plaintiff cannot recover twice for the same wrong. *Gen. Elec. Co. v. City of Bridgeport*, No.

CV93 30 45 71 S, 1993 WL 540934, at *3 (Conn. Super. Ct. Dec. 16, 1993) ("A party cannot state the same cause of action twice against the same defendants in the same complaint because there can only be one recovery.").

As such, the Court must dismiss both claims in the Complaint for false designation of origin for failure to state a claim.

### IV.     Hooray Has Not Plausibly Pleaded A Claim for Cyberpiracy

Hooray has not plausibly pleaded a claim for cyberpiracy. "Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." *Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir. 2013). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* A "fact" is defined as "[a]n actual or alleged event or circumstance, as distinguished from its legal effect, consequence, or interpretation." Black's Law Dictionary (Twelfth Edition). A "legal conclusion" is defined as "[a] statement that expresses a legal duty or result but omits the facts creating or supporting the duty or result." Black's Law Dictionary (Eighth Edition).

Here, Hooray merely sets forth legal conclusions couched as factual allegations; said differently, Hooray pleads the end results and not the actual events or circumstances for how it got there. For example, the allegation, "the domain name bakebakehooray.com, is identical or confusingly similar to the Mark, which was distinctive at the time of registration of the domain name," (Compl., at ¶ 37) contains multiple legal conclusions, but none of the actual circumstances for getting to those conclusions. The statements that the domain name is "identical or confusingly similar to the Mark" and that the Mark was distinctive at the time of registration

of the domain name are statements that express legal results. Hooray must plead actual events or circumstances, "facts," supporting those legal results, but this it fails to do.

Hooray has failed to appropriately plead a claim for cyberpiracy. Accordingly, the Court must dismiss Hooray's claim for cyberpiracy.

### V.     Hooray Has Not Plausibly Pleaded A Claim for Unfair Trade Practice

Hooray surprisingly claims that "Defendants fail to raise a question whether they violated the Lanham Act." (*See* ECF No. 35, at 19.)  In so doing, Hooray again forgets that it has the burden to plead and prove its case.  Moreover, Defendants have indeed raised a number of questions with the validity of this claim, both here (*see supra* Point III) and in the initial moving papers (*see* ECF 32-1, at 14-15).

Hooray takes its argument here another step and claims, without citing legal support, that "taking a free ride on the popularity and name recognition of Hooray's BAKE BAKE HOORAY cookies" is a discrete wrong from trademark infringement that may support a CUTPA claim here.  (*See* ECF No. 35, at 19-20.)  It is true that a party does not need to plead a cognizable Lanham Act claim for its CUTPA claim to survive a motion to dismiss. *See Murphy v. Provident Mutual Life Ins. Co.*, 923 F.2d 923, 929 (2d Cir. 1991).  And name appropriation under common law may constitute an unfair trade practice when "the effect of appropriation by one corporation of a distinctive portion of the name of another is to cause confusion and uncertainty in the latter's business, injure[s] them pecuniarily or otherwise, and deceive[s] and mislead[s] the public …" *Arian Enter., LLC v. Lawson*, X04CV054004655S, 2006 WL 697590, at *2 (Conn. Super. Mar. 7, 2006) (citing *Shop-Rite Durable Supermarket, Inc. v. Mott's Shop Rite of Norwich, Inc.*, 173 Conn. 261, 265-66 (1977)).

But to do so, a plaintiff must plead three specific elements for a deceptive practice under CUTPA[1], none of which Hooray includes here with its one-line conclusory statement. As stated earlier, without factual allegations that support a conclusory assertion, the cause of action cannot stand. *See Michel v. Yale Univ.*, 547 F. Supp. 3d 179, 193 (D. Conn. 2021) ("[The plaintiff] makes no factual allegations that support his conclusory assertion that [the defendant] 'falsely represented and passed off' that its online education 'has [the] same value as in-person education.'"). For these reasons, Hooray has failed to plausibly plead a claim for violation of CUTPA. Accordingly, the Court must dismiss Hooray's CUTPA claim.

Dated: June 16, 2025

Respectfully submitted,
DEFENDANTS
KEVLYN CREATIVE, LLC and
KEVLYN K. ZIERK

/s/ *Gerard N. Saggese III*
Gerard N. Saggese III
Federal Bar No. ct26430
Meghan F. Buckley
Federal Bar No. ct31490
Carmody Torrance Sandak & Hennessey LLP
1055 Washington Blvd.
4th Floor
Stamford, CT 09601-2218
Tel.: (203) 425-4200
Fax: (203) 325-8608
gsaggese@carmodylaw.com
mbuckley@carmodylaw.com

---

[1] "First, there must be a representation, omission, or other practice likely to mislead consumers. Second, the consumers must interpret the message reasonably under the circumstances. Third, the misleading representation, omission, or practice must be material—that is, likely to affect consumer decisions or conduct." *See Suisman, Shapiro, Wool, Brennan, Gray, & Greenberg, P.C. v. Suisman*, 3:04-CV-745 (JCH), 2006 WL 387289, at *13 (D. Conn. Feb. 15, 2006) (quoting *Caldor, Inc. v. Heslin*, 215 Conn. 590, 597 (1990)).

## CERTIFICATE OF SERVICE

    I hereby certify that on June 16, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                             /s/ *Gerard N. Saggese III*
                                             Gerard N. Saggese III